# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                  Case No. 10-20290


HUGH DEJUAN GRIER AND
KEEVON DEONTE BLAC-BURTON

       Defendants.

_____/

## ORDER SETTING SENTENCING AND DEADLINE DATES
## AND IMPOSING OTHER RESPONSIBILITIES

      The Defendant having been convicted and referred to the Probation Department for

the preparation of a Presentence Report (PSR), **IT IS ORDERED** as follows:

1)      Sentence will be imposed on **January 13, 2011 at 2:00 pm.**  If a custodial sentence

        is imposed, the defendant must be prepared to submit to custody on the day of

        sentencing.

2)      On or before **November 24, 2010** the PSR must be submitted to counsel by the

        Probation Officer for review and possible objections.

3)      On or before **December 9, 2010**, any PSR objection must be stated to the

        Probation Officer *(but cannot be filed on the docket)*. In stating an objection, counsel

        must use a format substantially similar to the attached *Addendum*.  A purported

        PSR objection originating in a letter, an e-mail, a "sentencing memorandum," etc.,

        will be rejected by the Probation Officer and returned to the party who provided it.

4)      On or before **December 23, 2010**, the proposed final form of the PSR must be

delivered to the court by the Probation Department.

5) Not later than **December 27, 2010**, any request *by either party* for a departure or variance from the Guidelines range must be presented in the form of a motion with a supporting brief.

6) Not later than **SEVEN DAYS before sentencing**, any opposition to the other party's motion for departure or variance motion must be filed.

7) A Sentencing Memorandum is optional,[1] but due **SEVEN DAYS before sentencing.**

8) **Counsel must provide a copy of any motion, opposition to a motion, and memorandum to the Probation Officer.**

9) Allocution at sentencing will ordinarily not exceed five minutes for Defendant's counsel, five minutes for Defendant and five minutes for government counsel.

Date:  September 15, 2010

s/Robert H. Cleland
ROBERT H. CLELAND
United States District Judge

---

[1] A sentencing memorandum is often superfluous in light of a motion for variance, and more important in the absence of such a motion. Memoranda are ordinarily reviewed by the court in the few days leading to sentencing. **Do not use a sentencing memorandum as a substitute for a motion** for a USSG departure or 18 USC §3553(a)(2) variance in sentence.

*SAMPLE*
## PRESENTENCE REPORT ADDENDUM

Defendant's name:                                    Page #:
Docket #:                                            Paragraph #:
Date:                                                Line(s) #:
Objection #:

Section I: Defendant's/Government's objection:


_____          _____
Attorney's signature                     *I affirm the truth of every factual statement above.*
                                         Defendant's signature


Section II: Probation officer's comments:

---

### Instructions for counsel
(Do not replicated instructions on the Addendum to be submitted)

1)    Provide all objections directly to the Probation Officer, and do not file them on the docket.

2)    Any objection or claim that a guideline or application note has been incorrectly applied or omitted must be accompanied by a clear explanation. Saying only that "the defendant disputes" a fact without providing an alternate explanation or reference to *specific* evidence is generally unavailing.

3)    Do not use the Addendum format or the formal "objection" process to merely
      •    point out a minor factual error, i.e., those that have no effect on guideline calculations nor forms the basis for a departure. Such claims may be presented to the Probation Officer by letter or memorandum.
      •    argue a mechanical result or an alternate guideline calculation that depends on the resolution of a challenged factual item.
      •    react to required PSR comments such as factors for possible departure. Such matters may be presented to the court in the form of a sentencing memorandum.

4)    When a party has presented a material objection that has not been accepted by the Probation Officer and remains for resolution by the court, any opposition must expressed in writing whether or not the court specifically orders a response. Always provide a copy to the Probation Officer. Responses should correspond to the numbering of the objection(s) and clearly explain the party's position in reaction to the objection.